UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXIS SENA, ) | 3:24-cv-00947 (SVN) |
| *Plaintiff*, ) | |
| ) | |
| v. ) | |
| ) | |
| TORRES, *et al.*, ) | |
| *Defendants*. ) | February 13, 2025 |

## INITIAL REVIEW ORDER

Plaintiff Alexis Sena, an inmate in the custody of the Connecticut Department of Correction ("DOC") currently housed at MacDougall-Walker Correctional Institution ("MacDougall CI") [1], filed this civil rights complaint under 42 U.S.C. § 1983. Plaintiff brings this action against five DOC employees who work at Bridgeport Correctional Center ("BCC"): Lieutenant Torres, Correctional Officer Villafane, Correctional Officer Aloi, and two John Doe Correctional Officers. Compl., ECF No. 1. Plaintiff asserts claims for violations of his constitutional rights during his incarceration at BCC and seeks damages.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

---

[1] This information is gleaned from review of the publicly available DOC website. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=380119 (last visited Feb. 13, 2025). The Court may take judicial notice of matters of public record. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 n.1 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information).

The Court has thoroughly reviewed all factual allegations in the complaint and conducted an initial review of the allegations therein pursuant to 28 U.S.C. §1915A.[2]

## I. BACKGROUND

### A. Factual Allegations

The Court does not include herein all of the allegations from the complaint but summarizes the facts to provide context to this initial review.

On August 19, 2023, Plaintiff was disciplined at BCC for flagrant disobedience by a correctional officer during a pat search. Compl. ¶ 1; *see* Disciplinary Report for Flagrant Disobedience, ECF No. 1 at 12. As a result of the incident, he was transferred to segregated housing. Compl. ¶¶ 1–3. Angry that the correctional officer had lied about the incident in order to place Plaintiff in segregation, Plaintiff persistently insisted that he had done nothing wrong and insulted Correctional Officers Aloi and Villafane as they escorted him to segregation. *Id.* ¶¶ 2–4. Correctional Officers Aloi and Villafane in turn became angry at Plaintiff for his behavior. *Id.* ¶ 4. Plaintiff then kicked the wall to his right, after which he was shoved against some wooden boxes headfirst and then slammed on the ground. *Id.* ¶¶ 4–5. Officers Aloi, Villafane, Doe 1, and Doe 2 restrained Plaintiff. *Id.* ¶ 6. Once Plaintiff was on the ground, Lieutenant Torres sprayed him with mace, although Plaintiff had already been handcuffed behind his back. *Id.* ¶¶ 7–8; *see* Disciplinary Report for Assault on a DOC Employee, ECF No. 1 at 17. Plaintiff asked Lieutenant

---

[2] It is well-established that "*[p]ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Notwithstanding this liberal interpretation, however, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement," does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Torres why he had exposed him to mace, but Lieutenant Torres responded by telling Plaintiff to keep walking. Compl. ¶ 9.

Plaintiff remained in segregation for nineteen days, which exceeded his sanction for the disciplinary violation of fifteen days in segregation. *Id.* ¶ 10. Plaintiff was supposed to be released from segregation on September 2, 2023, but he was not released until September 6, 2023. *Id.*

As a result of these incidents, Plaintiff became paranoid that he would suffer the same fate while incarcerated at New Haven Correctional Center ("NHCC") and avoided speaking to correctional staff at NHCC about his property that was lost during his transfer to NHCC. *Id.* ¶ 11. In addition, he became more mentally stressed and was unable to speak with family over the phone during his time in segregation. *Id.*

Plaintiff seeks compensatory damages for his suffering; to pay for his therapy necessary due to his mistreatment; to pay for psychiatric medications prescribed to him; to replace property that was allegedly stolen from him during his transfer from BCC to NHCC; and to cover his dental bills for a root canal resulting from a molar being knocked loose during the assault. *Id.* ¶¶ 13–16.

## II.   DISCUSSION

Section 1983 "provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999). Plaintiff seeks damages from each Defendant for violation of his constitutional rights under 42 U.S.C. § 1983. To the extent he asserts official capacity claims for monetary damages against Defendants, who are all state employees, such claims are dismissed as barred by the Eleventh Amendment. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A plaintiff may seek damages from state

employees in their individual capacity, however. *See Dwyer v. Regan*, 777 F.2d 825, 835 (2d Cir. 1985), *modified*, 793 F.2d 457 (2d Cir. 1986).

    A.  Eighth Amendment[3] Excessive Force and Failure to Intervene

Plaintiff's allegations indicate that he was subjected to physical force and chemical agent exposure while handcuffed behind his back. *See* Compl. ¶¶ 7–8.

In order to adequately allege an Eighth Amendment excessive force claim, Plaintiff must allege facts establishing subjective and objective components. *See Sims v. Artuz*, 230 F.3d 14, 20–21 (2d Cir. 2000). The objective component focuses on the harm done to the inmate, in light of contemporary standards of decency. *Id.* at 21. The amount of harm required depends on the nature of the claim. *Id.* Although some degree of injury is usually required, the prisoner need not show that he suffered a significant injury to state a claim for use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010) (*per curiam*) ("[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." (second alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992))). The subjective component of the excessive force standard requires a showing that the force employed by a defendant was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously and sadistically to cause harm." *Sims*, 230 F.3d at 21 (citing *Hudson*, 503 U.S. at 7).

Prison officials can also be held liable under section 1983 "for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of

---

[3] The Court has reviewed the available case details for Plaintiff's several convictions in Connecticut Superior Court. It is not clear to the Court whether Plaintiff was a sentenced inmate or an unsentenced inmate when the events alleged in the complaint occurred. As the Court is ordering that Plaintiff's claims may proceed to service under the more stringent Eighth Amendment standard that applies to sentenced inmates, they would also necessarily proceed to service under the Fourteenth Amendment standard that applies to unsentenced inmates. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Should Defendants believe that the Fourteenth Amendment standard applies here, they are free to raise this issue at a later stage in the case.

excessive force, in their presence." *Abreu v. Bascue*, No. 9:18-CV-0186 (MAD/ATB), 2018 WL 11466956, at *13 (N.D.N.Y. May 1, 2018). Liability for failure to intervene "can arise where a prison corrections officer fails to prevent another corrections officer from committing a constitutional violation if (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Delano v. Rendle*, No. 9:13-CV-00070 (NAM/TWD), 2016 WL 4146476, at *11 (N.D.N.Y. July 12, 2016), *report and recommendation adopted*, No. 9:13-CV-70 (NAM/TWD), 2016 WL 4133542 (N.D.N.Y. Aug. 3, 2016).

With respect to the excessive force claim, Plaintiff alleges that he was shoved against some wooden boxes headfirst and then slammed on the ground, and that Lieutenant Torres sprayed him with a chemical agent after he was on the floor and handcuffed behind his back. Although Plaintiff alleges that the officers commenced the use of force after Plaintiff kicked a wall, it is at least plausible that the amount of force alleged was more than necessary. For example, continuing to assault an inmate who has been restrained appears to be a malicious act, not one intended to restore discipline. *See Vaughn v. Baron*, No. 3:23-cv-1585 (VAB), 2024 WL 308511, at *3 (D. Conn. Jan. 26, 2024). The use of a chemical agent against a compliant inmate is considered a use of excessive force. *See Hinton v. Pearson*, No. 3:21-cv-863 (MPS), 2021 WL 4521994, at *6 (D. Conn. Oct. 4, 2021). It is unclear who had shoved Plaintiff headfirst into some boxes and slammed him on the ground. Thus, for purposes of initial review, the claim for use of excessive force will proceed against all Defendants for further development of the record.

With respect to the failure to intervene claim, Plaintiff alleges that Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2 were all present during the assault.

Because Plaintiff's claim for excessive force will proceed against all Defendants, the Court will allow Plaintiff's claim for failure to intervene to proceed against all Defendants as well. The correctional officers were present as Lieutenant Torres used a chemical agent on Plaintiff. This suggests that they observed, and had a realistic opportunity to prevent, the force. In addition, it is unclear which Defendants were observing as Plaintiff was being shoved into the ground. Thus, for initial pleading purposes, Plaintiff may proceed on a claim that each of these Defendants failed to intervene in the use of excessive force for further development of the record.

B. Eighth Amendment Deliberate Indifference to Health and Safety

The Court also considers whether Plaintiff has alleged a plausible Eighth Amendment claim of indifference to his health and safety.

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment imposes certain duties on prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care," and to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

To state a deliberate indifference to health and safety claim under the Eighth Amendment, an inmate must demonstrate both an objective and a subjective element. *See Mims v. Laprey*, No. 3:24-cv-238 (SVN), 2024 WL 3090481, at *5–6 (D. Conn. June 21, 2024). To meet the objective element, an inmate must allege that he was incarcerated under conditions that resulted in a "sufficiently serious" deprivation, such as the denial of a life necessity or a "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. To meet the subjective element, an inmate must allege

that the prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and that officials disregarded that risk by failing to take corrective action. *See id.* at 834, 837. The official must have acted more than merely negligently but instead with a subjective state of mind that is the equivalent of criminal recklessness. *See Edwards v. Black*, 854 F. App'x 382, 383 (2d Cir. 2021). But "[o]fficials need only be aware of the risk of harm, not intend[ed] harm. And awareness may be proven 'from the very fact that the risk was obvious.'" *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (quoting *Farmer*, 511 U.S. at 842).

Plaintiff alleges that he experienced serious harm to his mental health and requires a root canal due to the misuse of excessive force. At this juncture, the Court assumes that there is an obvious risk of harm to an inmate due to correctional staff's use of excessive force. *See id.* Accordingly, construing the factual inferences most favorably to Plaintiff, the Court will permit Plaintiff to proceed for damages against Defendants on his Eighth Amendment deliberate indifference to health and safety claim for further development of the record.

C. <u>Fourteenth Amendment Due Process</u>

Plaintiff complains that he was not released from segregation until September 6, 2023, even though his punitive segregation sanction was supposed to end four days earlier on September 2, 2023. *See* Disciplinary Process Summary Report, ECF No. 1 at 21. The Court construes Plaintiff as asserting that he remained in punitive segregation for four days without having been afforded due process of law.

The Court must analyze a claim of violation of procedural due process by (1) asking whether there exists a liberty or property interest of which a person has been deprived, and (2) if so, whether the procedures followed by the State were constitutionally sufficient. *Swarthout v.*

*Cooke*, 562 U.S. 216, 219 (2011) (*per curiam*) (citing *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In the prison context, which involves persons whose liberty interests have already been severely restricted because of their confinement in a prison, a prisoner cannot show a cognizable deprivation of "liberty" unless he can show that he was subject to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The level of procedural protection required depends on the purpose of the confinement. *Bolden v. Alston*, 810 F.2d 353, 357 (2d Cir. 1987). For an administrative proceeding, the inmate is entitled only to "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding" the matter. *Hewitt v. Helms*, 459 U.S. 460, 476 (1983). For a disciplinary proceeding, an inmate is entitled to advance written notice of the charge, adequate time to prepare a defense, a written statement of the reasons for the disciplinary action taken, and a limited opportunity to present witnesses and evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539, 561–69 (1974).

Both the *Wolff* and *Hewitt* standards require "some evidence" to support the decisions to place an inmate in administrative or punitive segregation. *Brown v. Semple*, No. 3:16-CV-376 (MPS), 2018 WL 4308564, at *12 (D. Conn. Sept. 10, 2018) (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)). The Second Circuit has explained that a disciplinary determination must be supported by some "*reliable* evidence" of guilt. *Elder v. McCarthy*, 967 F.3d 113, 129 (2d Cir. 2020) (emphasis in original).

Even if he can establish that he has a liberty interest or that he should be considered a pretrial detainee who is not subject to *Sandin*, Plaintiff has not provided any allegations to indicate that any Defendant named in this action was involved in the failure to release him on September

2, 2023. Accordingly, Plaintiff has not alleged a plausible claim of procedural due process violation against the present Defendants based on the four additional days spent in punitive segregation. The Court dismisses this claim, but will permit Plaintiff an opportunity to amend his complaint to correct this deficiency, should he be able to identify a particular person or persons responsible for this initial placement.

## ORDERS

For the foregoing reasons, the Court enters the following orders:

Plaintiff may proceed on his individual capacity claims based on:

(1) Eighth Amendment excessive force against Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2;

(2) Eighth Amendment failure to intervene against Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2; and

(3) Eighth Amendment deliberate indifference to his health and safety against Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2.

All other claims, including all official capacity claims, are DISMISSED.

**Plaintiff has two options as to how to proceed in response to this Initial Review Order:**

(1) If Plaintiff wishes to proceed immediately **only** on the claims set forth above against Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2, he may do so without further delay. If Plaintiff selects this option, he shall file a notice on the docket on or before **March 16, 2025**, informing the Court that he elects to proceed with service as to the claims set forth in this paragraph. After Plaintiff files this notice, the Court will begin the effort to serve process on Lieutenant Torres and Correctional Officers Aloi, Villafane, Doe 1, and Doe 2 in their

individual capacities as described above, although the Court will only be able to serve process on the Doe Defendants if Plaintiff provides the Court with their full names.

(2) Alternatively, if Plaintiff wishes to attempt to replead any of the claims asserted in his complaint that have been dismissed in order to attempt to state a viable claim, he may file an amended complaint by **March 16, 2025**.  **An amended complaint, if filed, will completely replace the complaint, and the Court will not consider any allegations made in the original complaint in evaluating any amended complaint.**  The Court will review any amended complaint after filing to determine whether it may proceed to service of process on any defendants named therein.  If Plaintiff elects to file an amended complaint, the complaint this Initial Review Order addresses will **not** proceed to service of process on any defendant.

If the Court receives no response from Plaintiff by **March 16, 2025**, the Court will presume that Plaintiff wishes to proceed on the complaint as to the claims permitted to go forward in this Initial Review Order, and Plaintiff will have to show good cause if he seeks to amend the complaint in any manner in the future.

**Doe Defendants.**  The Court advises Plaintiff that the Court cannot effect service of the complaint on John Does 1 and 2 because Plaintiff has not provided the first or last names for these Defendants.  Plaintiff will have ninety (90) days from the date of appearance of counsel of the first Defendant to appear in this action to file a notice identifying John Does 1 and 2 by their first and last names.  Plaintiff may determine the identities of John Does 1 and 2 by reviewing his materials and by sending a discovery request to counsel for any other Defendant, once such Defendant appears in this action.

**Changes of Address.**  If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1 requires that Plaintiff **MUST** notify the Court.  Failure to do so can

result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

**SO ORDERED** at Hartford, Connecticut, this 13th day of February, 2025.

      /s/ Sarala V. Nagala
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE